The trial court ordered Cauthen to pay attorney fees pursuant to the Uniform Parentage Act and Alabama's Litigation Accountability Act. I do not believe this award is justified pursuant to the Litigation Accountability Act.
Cauthen made repeated statements to the court that Yates was the only possible father of the child; however, test results have proven otherwise. Yet, I do not believe that Cauthen should be held liable under § 12-19-272(c) of the Litigation Accountability Act based on her apparent false statements. It is undisputed that Yates could have been the father. In my opinion, Cauthen should not been required to dismiss her case just because of the test results excluding Yates as the father. Without the expert testimony presented on behalf of Yates at trial, it is doubtful that Cauthen, the trial court, and even this court would have understood the differences in the testing procedures and the superior reliability of the tests performed by the Wisconsin Center. It appears to me that she was justified in believing that the test results created a disputed material fact for the trial court to resolve. Therefore, I must respectfully dissent as to this issue.